<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| ALBERT GREGORY, on behalf of himself and all others similarly situated, | : : | **Civil Action No. 14-cv-5366 (SRC)** |
| | : | |
| Plaintiff, | : | |
| v. | : | **OPINION** |
| | : | |
| HOME RETENTION SERVICES, INC., and JOHN DOES 1-25, | : : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |
| | : | |

**CHESLER**, District Judge

This matter comes before the Court upon the motion filed by Defendant Home Retention Services, Inc. ("Defendant" or "Home Retention Services") to dismiss the Complaint filed by Plaintiff Albert Gregory ("Plaintiff"). Plaintiff opposes the motion. The Court has considered the parties' submissions. For the reasons expressed in this opinion, the Court will grant the motion in part and deny it in part.

### I.  BACKGROUND

#### A.  Factual History

This is a putative class action lawsuit brought by a consumer against a corporation which distributed notices regarding consumer debts and repayment. The Court takes the following facts from the Complaint and assumes them to be true for purposes of this motion only.

Plaintiff is an individual who lives in New Jersey.  Defendant is a corporation with its principal place of business in Houston, Texas.  Defendant uses various forms of communication, including postal mail, to contact individuals regarding their financial obligations.

At some point before March 21, 2014, Plaintiff allegedly became indebted to Champion Mortgage.  On a date after March 21, 2014, Defendant sent Plaintiff a written letter ("the Letter") regarding the debt Plaintiff may have owed Champion Mortgage.

Various portions of the Letter are relevant.  At the top of the page, it asserts:

> Home Retention, Inc. is a debt collector. Therefore, the following disclosures are required under various state and federal law. However, we would like to reassure you that we have been retained to assist Champion Mortgage with its efforts to reach customers who may be eligible for a Home Affordable modification Program.  The true purpose of these letters is to obtain a more affordable payment for you.

(Compl., Exhib. A).

Regarding Plaintiff's specific debt, the Letter informs Plaintiff that "As of the date of this letter the amount necessary to bring your mortgage current is $39,034.15."  (Compl. Exhib. A).  The Letter does not appear to be dated.  Finally, the Letter asserts, "Unless within 30 days of your receipt of this notice, you notify Home Retention Services, Inc. that you dispute the validity of this debt, it will assumed to be correct."  (Compl. Exhib. A).

**B.  Procedural History and Defendant's Motion to Dismiss**

On August 27, 2014, Plaintiff filed a Class Action Complaint against Defendant.  In it, Plaintiff alleges that Defendant violated the Fair Debt Collection Practices Act ("the FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, or unfair practices.  Plaintiff claims that Defendant violated the FDCPA by "(a) Using false representations or deceptive means to collect or attempt to collect the debt; (b) Using unfair or unconscionable means to

2

collect or attempt to collect the debt; [and] (c) Failing to provide the proper notices in their initial communication with the consumer." (Compl. at ¶ 31). Plaintiff filed the Complaint on behalf of all similarly situated individuals, which comprises at least thirty New Jersey consumers who received debt-collection notices from Defendant. Federal subject matter jurisdiction is provided for by 28 U.S.C. § 1331, as the Complaint arises under the FDCPA.

On October 10, 2014, Defendant moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant makes three arguments in support of its motion. First, it asserts that Plaintiff committed numerous procedural errors which should bar his Complaint. Defendant next claims that it is not a "debt collector" and that its Letter was not part of a debt-collection effort, rendering the FDCPA inapplicable. Last, on the merits, Defendant claims that the Letter is not deceptive under the FDCPA, and that instead it complies with all of the statute's notice requirements.

Plaintiff opposes the motion for three corresponding reasons. He asserts that neither he nor his lawyers violated any procedural rules by filing this suit. Plaintiff further submits that the FDCPA does apply because Defendant is indeed a "debt collector" and its Letter falls under the statute. On the merits, Plaintiff reasserts his contention that Defendant violated the FDCPA.

## II.    DISCUSSION

### A. Motions to Dismiss

A court may dismiss a claim under Rule 12(b)(6) only if, accepting all of the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the non-movant, it finds the claims facial plausible. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). The complaint must contain sufficient factual allegations to raise a right to relief above the speculative level. Id. at 1965; Phillips v. County of Allegheny, 515 F.3d 224,

234 (3d Cir. 2008).  The Supreme Court has made clear that "a formulaic recitation of the elements of a cause of action will not do."  Twombly, 127 S.Ct. at 1964-65; see also Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").  Accordingly, the Court will identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth."  Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 556 U.S. at 680).  A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible.  Iqbal, 556 U.S. at 679.

In evaluating a Rule 12(b)(6) motion, the Court may consider only the complaint, exhibits attached to it, matters of public record, and undisputedly authentic documents.  See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). The issue before the Court boils down to "not whether plaintiff will ultimately prevail[,] but whether the claimant is entitled to offer evidence in support of the claims."  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).  It is through this lens that the Court will assess Plaintiff's Complaint.

**B. Alleged Procedural Violations**

To begin, the Court briefly notes that it does not find Plaintiff or his attorneys to have committed any procedural violations.  Defendant urges that Plaintiff failed to alert the Court that similar matters were already pending in this district when Plaintiff filed his lawsuit.  It is not apparent to the Court, however, that the letters and entities involved in the other matters mirror those involved here.  Moreover, even if those other matters were sufficiently related to this one such that they should have been joined together, that would not impact the instant motion.  The consolidation rules aim to serve the courts' convenience, and a violation of those rules would not

4

necessarily entitle Defendant to relief.  See Pagan v. United Recovery Sys., 2012 U.S. Dist.

LEXIS 2130, at *4 n.2 (D.N.J. Jan. 6, 2012) (noting that the requirement to indicate related cases

on cover sheet is meant to "to avoid a waste of judicial time") (emphasis added).

Defendant further urges that Plaintiff failed to provide the Court with the full context of

Defendant's Letter.  Specifically, Defendant claims that the Letter was part of a larger mailing

distributed by Champion Mortgage, and not by Defendant.  When assessing a Rule 12(b)(6)

motion, the Court may generally not look to materials outside of the Complaint and its exhibits.

Pension Ben., 998 F.2d at 1196.  The Court notes that the Letter -- attached as Exhibit A to

Plaintiff's Complaint -- contains letterhead belonging to Defendant, rather than to Champion

Mortgage.  Defendant submitted additional documents for this Court to consider, but the parties

have not conceded the authenticity or relevance of those papers.  Cf. id. ("[A] court may consider

an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss

if the plaintiff's claims are based on the document.") (emphases added).  With the record before

the Court at this stage, therefore, the Court cannot determine if the Letter formed part of a larger

Champion Mortgage distribution.

Although the Court may be authorized to dismiss an action based on procedural

deficiencies, see generally Plasteras v. Kindercare Learning Ctrs., 2008 U.S. Dist. LEXIS 34850,

at *6 (D.N.J. Apr. 28, 2008), here the Court finds no procedural violations which impact the

instant motion.

### C.  The FDCPA's Applicability

To state a claim for relief, Plaintiff must establish that the authority on which he relies --

the FDCPA -- applies.  That turns on whether (1) Defendant is a "debt collector" under the

statute and (2) whether the Letter was a communication made in connection with debt collection.

### (1) Whether Defendant is a "Debt Collector" Under the FDCPA

The FDCPA defines a "debt collector" as "any person who uses . . . the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). One is not a debt collector if its activities concern "a debt which was not in default at the time it was obtained[.]" 15 U.S.C. § 1692a(6)(F)(iii).

Here, the Court finds the Complaint to allege facts which, if true, render Defendant a debt collector under the statute. The Complaint plausibly claims that Defendant sent written notices to at least thirty New Jersey borrowers, and for reasons discussed more extensively below, such notices can fairly be read to "serve the principal purpose" of collecting debts owed to another party. 15 U.S.C. § 1692a(6). The Complaint expressly pleads that Defendant is a debt-collector under the FDCPA, and that Plaintiff's debt was allegedly in default. (Compl. ¶¶ 9, 24). Defendant's own admissions, moreover, indicate that it is a debt collector. The Letter expressly states, "Home Retention Services, Inc. is a debt collector," and goes on to provide that "This communication is from a debt collector attempting to collect a debt. Any information you provide Home Retention Services, Inc. will be used for that purpose." (Compl. Exhib. A). The Letter also highlights that various state and federal debt-collection laws applied.

Defendant seeks to undermine those admissions by pointing to cases in which entities initially self-identified as debt collectors but were later found not to qualify as such by courts. Defendant has not cited any authority from the Third Circuit or the U.S. Supreme Court which prohibits the consideration of these admissions. Instead, the cases Defendant cites from within this District appear to emphasize that an institution's having self-identified as a debt collector is not <u>dispositive</u> of whether it is one under the statute. <u>See</u> <u>Slimm v. Bank of Am. Corp.</u>, 2013

U.S. Dist. LEXIS 62849, at \*18 (D.N.J. May 2, 2013) (asserting that defendant's self-reference as debt collector did not "in and of itself" mean that it was one); Siwulec v. Chase Home Fin., 2010 U.S. Dist. LEXIS 128942, \*14 (D.N.J. Dec. 7, 2010) (finding that the "language used in the written notice is not dispositive of" defendant's status). Defendant also cites to Nwoke v. Countrywide Home Loans, 251 Fed. Appx. 363, 365 (7th Cir. Ill. 2007), which held that an entity's self-reference as a debt collector had "nothing to do with whether" it qualified as one under the FDCPA. The Third Circuit has not adopted that principle; and in any event, that case appears distinguishable. There, defendant Countrywide had contacted a consumer about a debt the consumer owed to Countrywide itself, rather than to a third party. Id. Collecting one's own debt falls outside the purview of the FDCPA, and therefore Countrywide's boilerplate language that it was a "debt collector" was irrelevant to conduct so clearly outside the statutory definition. Id. Here, distinctly, Defendant sought to collect the debt of another entity, Champion Mortgage, and it expressly stated that fact numerous times and in various ways.

All told, the Court finds that Plaintiff has adequately pleaded that Defendant sent mail to consumers with a primary purpose of collecting another entity's debt. Plaintiff has, accordingly, "nudged [his] claims" regarding Defendant's debt-collector status under Section 1692a(6) "across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

### (2) Whether Defendant's Letter Falls under the FDCPA

The FDCPA similarly can only apply if the Letter was a communication made in connection with debt collection. 15 U.S.C. § 1692(e). To assess a communication, courts look to various factors, including: "whether the communication demands payment, the relationship between the parties, and the purpose and context of the communication." Gregory v. Nationstar Mortg., 2014 U.S. Dist. LEXIS 64138, at \*9 (D.N.J. May 9, 2014). A communication need not

"contain an explicit demand for payment to constitute a debt collection activity."  McLaughlin v.

Phelan Hallinan & Schmieg, 756 F.3d 240, 245 (3d Cir. 2014).  Instead, courts focus on the

communication's principal purpose.  See id. (noting that "activity undertaken for the general

purpose of inducing payment constitutes debt collection"); Simon v. FIA Card Servs., 732 F.3d

259, 265-67 (3d Cir. 2013) ("[A]n animating purpose of the communication must be to induce

payment by the debtor.") (internal citation and quotation marks omitted); Grubb v. Green Tree

Servicing, 2014 WL 3696126 at * 5-6 (D. N.J. July 24, 2014).

      Defendant argues that the Letter is not a qualifying communication under the FDCPA,

and it emphasizes that the Letter did not explicitly demand that Plaintiff make a payment.  Yet

the Letter does explicitly state, "This communication is from a debt collector attempting to

collect a debt. Any information you provide . . . will be used for that purpose."  Moreover, the

Letter states that it aims to "obtain a more affordable payment for you," and it includes what

appears to be a payoff figure:  "As of the date of this letter the amount necessary to bring your

mortgage current is $39,034.15." (Compl. Exhib. A).  The Court therefore finds that at this stage,

Plaintiff has plausibly pleaded that the Letter's principal purpose was to collect the debt.

### D.  The FDCPA's Substantive Provisions

      Having determined that Defendant's conduct triggered the FDCPA's application, the

Court now assesses whether the Complaint states a claim for relief under that statute.  The

substantive provisions of the FDCPA are analyzed "from the perspective of the least

sophisticated debtor."  See Campuzano-Burgos v. Midland Credit Mgmt., 550 F.3d 294, 298 (3d

Cir. 2008) (quoting Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008)).  Courts must

construe the FDCPA's rules broadly to effectuate its remedial purpose.  Brown v. Card Service

Center, 464 F.3d 450, 453 (3rd Cir. 2006).  Applying these principles, the Court finds Plaintiff to

have plausibly stated a violation of the FDPCA's prohibition on deceptive practices; it also finds, however, that some of Plaintiff's contentions fail to state a basis for relief.

### (1) The Letter's Contradictory Purposes

Under Section 1692e of the FDCPA, debt collectors "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Similarly, the statute prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt[.]" 15 U.S.C. § 1692e(10). Plaintiff alleges that Defendant violated these provisions because the Letter states that "Home Retention, Inc. is a debt collector," but then confusingly provides that it aims "to obtain a more affordable payment" for the borrower.

The Court agrees. A communication is deceptive under the FDCPA if "it can be reasonably read to have two or more different meanings, one of which is inaccurate." Rosenau v. Unifund Corp., 539 F.3d 218, 222 (3d Cir. 2008) (quoting Brown v. Card Serv. Ctr., 464 F.3d 450, 455 (3d Cir.2006)); Campuzano-Burgos v. Midland Credit Mgmt., 550 F.3d 294, 298 (3d Cir. 2008). Here, the least-sophisticated consumer could have reasonably been confused as to whether the Letter meant to either (1) collect the debt allegedly owed ("Home Retention Services, Inc. is a debt collector . . . . This communication is from a debt collector attempting to collect a debt. Any information you provide Home Retention Services, Inc. will be used for that purpose . . . . [T]he amount necessary to bring your mortgage current is $39,034.15."); or (2) to negotiate a loan modification ("[W]e have been retained to assist Champion Mortgage with its efforts to reach customers who may be eligible for a Home Affordable modification Program. The true purpose of these letters is to obtain a more affordable payment for you."). Defendant further emphasizes in its filings that the Letter actually served a third, distinct purpose: (3) to determine Plaintiff's eligibility for a deed in lieu of foreclosure.

In light of these various potential purposes, the least-sophisticated consumer would be confused as to whether Defendant was a friend or foe, and would accordingly be unsure as to what action to take.  The Court finds that the Letter "appears to have been talking out of both sides of its proverbial mouth," see generally Brooks v. Brookdale Senior Living Cmtys., 2012 U.S. Dist. LEXIS 179895, at *9 (D.N.J. Dec. 18, 2012).  Because Plaintiff's Complaint highlights the Letter's potentially contradictory purposes, he has stated a plausible violation of the FDCPA's prohibition on deceptive practices.  The Court will thus deny Defendant's motion to dismiss those portions of the Complaint founded upon the Letter's contradictory purposes.

### (2) Plaintiff's Other Claims

The Court finds that Plaintiff has not identified any other conduct which plausibly violated the FDCPA.  Section 1692e(2)(a) prohibits the "false representation of" the amount of debt owed, and Section 1692g(a) requires the debt collector to inform the debtor as to the amount owed.  Plaintiff believes Defendant violated these provisions because the Letter tethered the amount owed to the date of the communication --  "As of the date of this letter the amount necessary to bring your mortgage current is $39,034.15" -- but then failed to actually date the Letter.  Defendant counters that the date referred to is the date of Champion Mortgage's mailing, of which Defendant's Letter was allegedly part.  For reasons discussed above, the Court at this stage considers the Letter independently, but it nevertheless concludes that Plaintiff has failed to plausibly allege that there was anything "false" about Defendant's information on the debt.

Plaintiff further claims that Defendant violated Sections 1692e, 1692f, and 1692g(a) by writing that if Plaintiff failed to dispute the debt, "it will be assumed to be correct."  Plaintiff notes that the Letter is grammatically passive in terms of who exactly would assume the debt correct, and that it uses the word "correct" rather than "valid" as is used in Section 1692g(a)(3).

10

The Court rejects both of these arguments because they demonstrate rhetorical nits, rather than any deception by Defendant.  It is important to recall that even the least-sophisticated consumer is considered "rational" and to possess "common sense."  See Campuzano-Burgos, 550 F.3d at 299, 301.  Here, a rational reader with common sense would not be thrown off by the Letter's use of "correct" rather than "valid," nor by its failure to identify which of the two entities involved would assume the debt to be such.  See Stokes v. Transworld Sys., 2013 U.S. Dist. LEXIS 19924, at *17 (D.N.J. Feb. 14, 2013) (granting motion to dismiss where notice referred to "legitimate" debt rather than "valid" debt because the two are synonyms); Martin v. Butler & Hosch, 2014 U.S. Dist. LEXIS 97965, at *10 (M.D. Fla. July 18, 2014) (finding nothing misleading about substituting "owed" for "valid"); cf. Smith v. Hecker, 2005 WL 894812, at *4-5 (E.D. Pa. Apr. 18, 2005) (finding violation where debt collector wrote that debt would be "assessed" valid rather than "assumed" valid because it implied that an official entity such as a court or agency would take action on the debt).  A difference in definitions does not necessarily indicate deception.  While "valid" and "correct" may convey distinct ideas in certain contexts, Plaintiff has not articulated how they convey anything meaningfully different here.

Accordingly, the Court will grant Defendant's motion to dismiss with respect to all theories apart from the Letter's potentially contradictory purposes.

### III.   CONCLUSION

For the reasons above, the Court will grant in part and deny in part Defendant's motion. An appropriate Order will be filed.

       s/ Stanley R. Chesler       
STANLEY R. CHESLER
United States District Judge

Dated:  November 24, 2014