<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ALBERT GREGORY, on behalf of himself and all others similarly situated, | : <br> : <br> : Civil Action No. 14-cv-5366 (SRC) <br> : |
| Plaintiff, <br> v. | : <br> : **OPINION** <br> : |
| HOME RETENTION SERVICES, INC., and JOHN DOES 1-25, | : <br> : <br> : |
| Defendants. | : <br> : <br> : |

<u>**CHESLER**</u>, District Judge

This matter comes before the Court upon the motion for summary judgment filed by Defendant Home Retention Services, Inc. ("Defendant" or "HRS"). Plaintiff Albert Gregory ("Plaintiff") opposes the motion. The Court has considered the parties submissions and proceeds to rule without oral argument. For the reasons expressed in this Opinion, the Court will grant summary judgment in favor of Defendant.

**I.    BACKGROUND**

**A.  Facts**

This is a putative class action lawsuit brought by a debtor against a company that distributed notices regarding consumer debts. At some point before March 20, 2014, Plaintiff became indebted to Champion Mortgage ("Champion"). On March 20, 2014, Champion submitted Plaintiff's file to Defendant HRS. On March 21, 2014, HRS sent Plaintiff a letter that reads, in part, as follows:

1

> Home Retention, Inc. is a debt collector. Therefore, the following disclosures are required under various state and federal law. However, we would like to reassure you that we have been retained to assist Champion Mortgage with its efforts to reach customers who may be eligible for a Home Affordable modification Program. The true purpose of these letters is to obtain a more affordable payment for you.
>
> [Docket Entry 31-2, Par 4].

The letter further provides the amount that Plaintiff would need to pay to bring his mortgage obligation current.

On August 27, 2014, Plaintiff filed a Class Action Complaint against Defendant, alleging that it violated the Fair Debt Collection Practices Act ("the FDCPA") by engaging in deceptive debt-collection practices. Plaintiff filed the Complaint on behalf of himself and at least thirty other similarly situated New Jersey consumers. Federal subject matter jurisdiction is based upon 28 U.S.C. § 1331, as the Complaint arises under the FDCPA.

In November of 2014, this Court granted in part and denied in part a motion to dismiss filed by Defendant. The Court found Plaintiff to have adequately pleaded Defendant's status as a debt-collector under the FDCPA. The Court further found that Plaintiff had plausibly stated a violation of the FDCPA because, from perspective of the least sophisticated debtor, Defendant's mailing could be read as having multiple, conflicting purposes. The Court dismissed Plaintiff's other claims of additional FDCPA violations.

On May 8, 2015, Defendant moved for summary judgment. In support of its motion, Defendant argues that it did not act as a debt collector as defined by the FDCPA. Defendant highlights an admission that Plaintiff made during the course of discovery, in which Plaintiff concedes that he was not in default on his financial obligation when Defendant obtained it.

Alternatively, Defendant moves to dismiss the case on the basis that Plaintiff's claim is moot pursuant to Defendant's offer of judgment.

Plaintiff opposes the motion for numerous corresponding reasons. Plaintiff contends that Defendant's status as a debt collector remains as a material factual dispute, and that Plaintiff's admission to the contrary constituted an inadvertent error.  Plaintiff further urges that Defendant's offer of judgment does not moot the case.

II.    DISCUSSION

   A. Legal Standard

Federal Rule of Civil Procedure 56(a) provides that a "court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).  In considering a motion for summary judgment, a district court "must view the evidence 'in the light most favorable to the opposing party.'"  Tolan v. Cotton, 134 S. Ct. 1861, 1866 (2014) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970)).  The court may not make credibility determinations or engage in any weighing of the evidence. Anderson, 477 U.S. at 255.

The showing required to establish that there is no genuine issue of material fact depends on whether the moving party bears the burden of proof at trial.  On claims for which the moving party does not bear the burden of proof at trial, the movant must point out to the district court "that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325.  In contrast, "[w]hen the moving party has the burden of proof at trial, that party must

3

show affirmatively the absence of a genuine issue of material fact: it must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003) (quoting United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991)).

Once the moving party has satisfied its initial burden, the party opposing the motion must establish the existence of a genuine issue as to a material fact. Jersey Cent. Power & Light Co. v. Lacey Twp., 772 F.2d 1103, 1109 (3d Cir. 1985). "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." Gleason v. Norwest Mortg., Inc., 243 F.3d 130, 138 (3d Cir. 2001), overruled on other grounds by Ray Haluch Gravel Co. v. Cent. Pension Fund of the Int'l Union of Operating Eng'rs and Participating Emp'rs, 134 S. Ct. 773 (2014). However, the party opposing the motion for summary judgment cannot rest on mere allegations; instead, it must present actual evidence that creates a genuine issue as to a material fact for trial. Anderson, 477 U.S. at 248; see also Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) (holding that "unsupported allegations in [a] memorandum and pleadings are insufficient to repel summary judgment").

**B. Plaintiff's Dispositive Admission of Non-Default Status**

During the course of discovery in this case, Defendant HRS served Plaintiff with Requests for Admissions pursuant to Federal Rule of Civil Procedure 36. HRS specifically requested that Plaintiff admit to the following: "As of March 20, 2014, Plaintiff was not in default of the financial obligation to Champion[.]" [Docket Entry 31, Doc. 3, Page 7]. Plaintiff initially denied the request, noting that the word "default" had not been defined. [Id. at Page 11]. Later, however, Plaintiff submitted an amended response that both defined "default" and admitted to Defendant's request:

4

> Objection as vague, ambiguous, unduly burdensome, overly broad or irrelevant. Specifically that the phrase "default" is not defined by Defendant. Plaintiff defines "default" as stated in this Request as well as Plaintiff's Complaint as meaning, but not limited to, the following: an amount of money necessary to bring the alleged debt current. Without waiving said objection, and as to this Request including Plaintiff's definition of "default" only, <u>Plaintiff admits</u>.

[<u>Id.</u> at 15-16 (emphasis added).]

For reasons explained herein, Plaintiff's admission resolves the case. "The FDCPA's provisions generally apply only to 'debt collectors.'" <u>Pollice v. Nat'l Tax Funding</u>, 225 F.3d 379, 403 (3d Cir. 2000). Significantly, an entity is not a debt collector under the FDCPA if its activities concern "a debt which was not in default at the time it was obtained[.]" 15 U.S.C. § 1692a(6)(F)(iii). Courts have accordingly "indicated that an assignee of an obligation is not a 'debt collector' if the obligation is not in default at the time of the assignment[.]" <u>Pollice</u>, <u>supra</u>, 225 F.3d at 403. "'Default' is 'the omission or failure to perform a legal or contractual duty; esp., the failure to pay a debt when due.'" <u>F.T.C. v. Check Investors, Inc.</u>, 502 F.3d 159, 172 n.12 (3d Cir. 2007) (quoting Blacks Law Dictionary 449 (8th ed. 2004)).

Because Plaintiff has admitted that he was not in default when Defendant obtained his financial obligation, Defendant's conduct is expressly exempted from the FDCPA pursuant to 15 U.S.C. § 1692a(6)(F)(iii). Defendant is therefore entitled to summary judgment. <u>See</u> <u>Sponaugle v. First Union Mortgage Corp.</u>, 40 F. App'x 715, 717 n.2 (3d Cir. 2002) (noting that plaintiffs were not in default when defendant obtained their debt, and therefore finding that the FDCPA appeared to "not apply").

In light of the legal significance that this admission carries, Plaintiff now seeks to walk it back. Under the circumstances, the Court will not allow Plaintiff to do so. When deciding whether parties agree to a fact for purposes of summary judgment, a Court may indeed consider

5

Rule 36 admissions.  See Fed. R. Civ. P. 56(c)(1)(A) ("A party asserting that a fact cannot be . . . disputed must support the assertion by:  (A) citing to particular parts of materials in the record, including . . . admissions[.]").  The Third Circuit has expressly held that "Rule 36 admissions are conclusive for purposes of the litigation" and they are accordingly "sufficient to support summary judgment."  Langer v. Monarch Life Ins. Co., 966 F.2d 786, 803 (3d Cir. 1992); see also Airco Indus. Gases v. Teamsters Health & Welfare Pension Fund, 850 F.2d 1028, 1036 n.9 (3d Cir. 1988) ("Federal Rule of Civil Procedure 56(c) [] contemplates the binding effect of admissions made pursuant to Rule 36, by allowing a court to grant summary judgment based on, inter alia, the 'admissions on file.'").

The only way that a party may undo the conclusive effect of a Rule 36 admission is to move the Court to withdraw or amend it.  See Fed. R. Civ. P. 36(b) ("A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended.").  When assessing such a motion, a Court "may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."  Id.

In this case, as of the filing of this Opinion, Plaintiff has not moved to withdraw or amend its non-default admission.  This omission comes despite Defendant having relied heavily upon that admission in this motion, and Plaintiff therefore having had notice of its importance.  Plaintiff has instead limited its corrective efforts to argumentation in its brief.  "Legal memoranda . . . are not evidence and [they] cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion."  Jersey Cent. Power & Light Co. v. Lacey

6

Twp., 772 F.2d 1103, 1109-10 (3d Cir. 1985). Under the plain terms of Rule 36(b), absent a formal motion for withdrawal or amendment, Plaintiff's admission stands.

Even if the Court were to treat Plaintiff's brief as a motion, its arguments are unpersuasive. Plaintiff asserts in its opposition papers that the relevant admission was "an inadvertent error" which "should have been denied." [Docket Entry 32, Page 10]. Plaintiff further writes that the admission "clearly included a typo[.]" [Id. at Page 11]. Yet Plaintiff has not explained how or why, exactly, the admission is erroneous. Plaintiff has not certified that he was, in fact, in default. Nor has Plaintiff alluded to any facts whatsoever which undermine the truth of Plaintiff's Rule 36 admission. Without facts suggestive of Plaintiff's default status, the Court finds that withdrawing the admission would not "promote the presentation of the merits[.]" Fed. R. Civ. P. 36(b).

The Court is also unpersuaded that the admission was indeed inadvertent. Relative to the one-word -- "admitted" or "denied" -- responses which are common, Plaintiff's nuanced admission on this point appears carefully crafted and deliberate. Legal decisions on how to navigate consequential areas of discovery carry weight under the federal rules. See Airco, supra, 850 F.2d at 1036 ("An answer to a request under Rule 36 is unlike a statement of fact by a witness made in the course of oral evidence at a trial, or in oral pre-trial depositions, or even in written answers to interrogatories. It is on the contrary a studied response, made under sanctions against easy denials, to a request to assert the truth or falsity of a relevant fact pointed out by the request for admission[.]") (emphasis in original) (internal citation and quotation marks omitted). The Court finds Plaintiff's admission here to constitute such a "studied response[.]" Id.

It is also significant that Plaintiff did not file a response statement of material facts to contest Defendant's submission. In its statement, Defendant asserted that "[a]s of March 20,

2014, plaintiff was not in default of his financial obligation to Champion." (SUMF ¶ 3.). Plaintiff failed to challenge this assertion, which further supports the grant of summary judgment. See L. Civ. R. 56.1(a) ("[A]ny material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion.").

Plaintiff suggests that by relying on these failures, Defendant has engaged in a "procedural 'I-Gotcha.'" [Docket Entry 32, Page 21]. The Court finds the opposite to be true. Allowing Plaintiff to escape the binding effect of these concessions, without a formal motion or any factual demonstration of good cause, would amount to procedural gamesmanship; not the other way around.

All told, Plaintiff has not, in procedural form or in substance, undone its admission. Because Plaintiff concedes that he was not in default when his debt was obtained by Defendant, the parties have conclusively established that this case does not involve debt collection as defined by the FDCPA, and that Defendant's conduct therefore falls outside the range of the statute's prohibitions. Defendant is accordingly entitled to summary judgment. In light of the Court's resolution of this issue, it need not reach the parties' other contentions, including the effect of Defendant's Offer of Judgment.

### III. CONCLUSION

For the reasons above, the Court finds that Defendant is entitled to summary judgment on Plaintiff's remaining claim. An appropriate Order will be filed.

    s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: June 2, 2015